# EXHIBIT 10

**U.S. Department of Justice**
Office of Justice Programs
*Office for Victims of Crime*





# Attorney General Guidelines for Victim and Witness Assistance

2011 EDITION



EFFECTIVE OCTOBER 1, 2011

# ARTICLE III
## WHO IS A VICTIM

A. **Introduction**

   Determining who qualifies as a victim may be one of the most difficult aspects of providing victim assistance. Federal statutes typically contain victim definitions applicable only to a particular statute's provisions. Two statutes describe the majority of the Department's responsibilities to crime victims. The first, the VRRA, mandates services to those directly harmed by a crime, while the CVRA establishes court-enforceable rights for those who are directly and proximately harmed by a charged offense. There are also separate victim definitions and unique requirements for particular types of victimization.

B. **Victim Services Definition (VRRA Definition)**

   1. Basic Definition: For purposes of providing the services described in Article IV of these AG Guidelines, a victim is "a person that has suffered direct physical, emotional, or pecuniary harm as a result of the commission of a crime. . . ." (42 U.S.C. § 10607(e)(2)(A)).

   2. Institutional Victims: If a victim is an institutional entity, services should be provided to an authorized representative of the entity. (42 U.S.C. § 10607(e)(2)).

   3. Representative Victims: If a victim is under 18 years of age, incompetent, incapacitated, or deceased, services should be provided to one of the following (in order of preference): a spouse, legal guardian, parent, child, sibling, another family member, or another person designated by the court. (42 U.S.C. § 10607(e)(2)(B)). An incapacitated victim is any victim who is unable to interact with Department personnel for the purpose of receiving services as a result of a cognitive impairment or other physical limitation, or because of physical restraint or disappearance. More than one representative victim can be identified and provided with services depending upon the circumstances. It is Department policy that under no circumstances shall a person culpable for the crime be treated as a representative victim.

   4. Timing: Department responsibilities to crime victims begin as soon as possible after the detection of a crime at which they may be undertaken without interfering in the investigation. (42 U.S.C. § 10607(b)). Generally, this point in time is defined by the opening of a criminal investigation.

      In some situations, an investigation may be initiated at a point in time when it is still unclear whether a crime was committed. In those situations, personnel should follow the guidance of Article II.A.

The end point for Department services obligations may be difficult to determine, and personnel should use their discretion and sound judgment to assess whether an investigation or prosecution is finally concluded. At that point, Department personnel may continue to provide services to the extent permitted by law and with available resources.

C. **Enforceable Victims' Rights Definition (CVRA Definition)**

1. Basic Definition: For purposes of enforcing the rights discussed in Article V, a victim is "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia" (18 U.S.C. § 3771(e)) if the offense is charged in federal district court or the Superior Court of the District of Columbia.

2. Institutional Victims: A victim may be a corporation, company, association, firm, partnership, society, or joint stock company. (*See* 1 U.S.C. § 1 (2006)).

3. Representative Victims: If a victim is under 18 years of age, incompetent, incapacitated, or deceased, a family member or legal guardian of the victim, a representative of the victim's estate or any other person so appointed by the court may exercise the victim's rights, but, in no event, shall the defendant serve as a guardian or representative for this purpose. (18 U.S.C. § 3771(e)). An incapacitated victim is any victim who is unable to interact with Department personnel as a result of a cognitive impairment or other physical limitation, or because of physical restraint or disappearance.

4. Timing: CVRA rights attach when criminal proceedings are initiated by complaint, information, or indictment. If the defendant is convicted, CVRA rights continue until criminal proceedings have ended. For example, CVRA rights continue through any period of incarceration and any term of supervised release, probation, community correction, alternatives to incarceration, or parole. Absent a conviction, a victim's CVRA rights cease when charges pertaining to that victim are dismissed either voluntarily or on the merits, or if the government declines to bring formal charges after filing a complaint.

5. Scope of the Offense: Because the particular charges filed in a case will define the group of individuals with CVRA rights, prosecutors should carefully consider the scope of the charged offense when crafting the charging document. Charging decisions are within the discretion of the prosecution, and an individual can qualify as a CVRA victim regardless of whether he or she is named in the indictment. In cases with CVRA victims, prosecutors should give consideration to CVRA compliance from the outset of the prosecution through its conclusion.

D. **Harm**

1. Direct and Proximate Harm

    Determining whether a person meets the harm element of the legal definition of victim under the VRRA or CVRA requires a fact-specific analysis of both the nature of the harm allegedly suffered by the person and the crime that is alleged to have caused the harm. To qualify as a victim, both statutes require the alleged harm must be a direct

consequence of the crime; that is, the harm must generally be a "but for" consequence of the conduct that constitutes the crime, specifically the crime under investigation, that has been charged, or for which there has been a conviction, depending on the stage of the criminal justice process. Intervening or contributing actions of the person suffering harm, or of a third party, may preclude a determination that the crimes being investigated or the offense charged directly caused the harm.

The CVRA requires an additional showing that the alleged harm must have been proximately caused by the offense. This showing ordinarily requires that the alleged harm must have been a reasonably foreseeable result of the charged offense. If both conditions are met, the person at issue meets the CVRA harm element.

**COMMENTARY**

Children who are depicted in child pornography that has been advertised, transported, distributed, received, accessed, or possessed are presumed to have been directly and proximately harmed as a result of those crimes for purposes of determining whether they are a victim under the VRRA or CVRA.

There may be instances in which case law developed in other legal contexts should be considered when determining issues of direct and proximate harm. For example, jurisprudence concerning direct versus indirect purchasers, as well as subject matter jurisdiction, under the antitrust laws is relevant to the issue of when a person injured by an antitrust violation has suffered the requisite harm under the VRRA and the CVRA.

There may also be instances in cases involving tax administration or other financial crimes in which a person, not charged with an offense, suffers harm due in part to their own willful participation in a scheme or transaction. Knowing and willful participation in such a scheme or transaction generally negates a determination of direct harm from the financial crimes being investigated or offense charged.

2. Types of Harm

   The harm can be physical, emotional, or pecuniary. In the absence of physical or pecuniary harm, emotional harm may be presumed in violent crime cases where the individual was actually present during a crime of violence, or, if not present, received information about a violent act attempted against him or her. In all other cases, emotional harm should not be presumed in the absence of physical or pecuniary harm, but rather the existence of cognizable emotional harm should be determined on a factual, case-by-case basis.

**COMMENTARY**

The impact of witnessing traumatic events involving loss of life and violent injury – along with the belief that one's own life will be taken – cannot be understated. Emotional injury may result in a range of physiological and psychological reactions, from temporary impairment in the ability of victims to cope and function to acute stress reactions and post-traumatic stress disorder. Visual imagery related to the event and the emotional and physical reactions associated with reliving the experience may remain with victims for many

**COMMENTARY (CONTINUED)**

years. The role of victim assistance personnel in investigative agencies is particularly critical to ensuring victims who suffer emotional injury receive timely intervention, information, and referrals. Later, criminal justice proceedings may reopen emotional wounds, and timely and appropriate assistance from prosecution-based victim assistance personnel can help meet victims' needs at this critical stage. In situations involving victims under 18 years of age who may have suffered emotional injury, victim assistance personnel will need to involve a parent or guardian in the provision of appropriate services.

In cases involving tax administration or other financial crimes, such as a tax shelter investigation, harm should not be presumed merely because participants paid a fee to the promoter for participation or for some fraudulent benefit promised but not received. In such cases, a determination that a participant suffered harm should be based on all of the facts and circumstances. For additional guidance, contact the Tax Division.

3. Harm in Identity Theft Cases

    Determining harm in identity theft cases can be particularly difficult. Where Department personnel discover that a suspect possesses an individual's personally identifying information (PII), personnel should determine, based on the facts known at the time and any reasonable additional investigation, whether the PII was used in a way that could cause harm to the individual. If no evidence indicates that the information was misused, there is likely no direct harm to support victim status. If resources permit, Department personnel may notify such individuals that their information was compromised to allow the individuals to take appropriate measures to protect their credit.

    If it appears that an individual's PII was used by the suspect or others in committing a crime, Department personnel should determine whether the individual suffered direct harm as a result of the misuse. Direct harm in these situations is usually pecuniary and may include out-of-pocket losses as well as time reasonably spent in an attempt to remediate actual or intended harm. In extraordinary cases, there may be solely or primarily emotional harm, such as harm to reputation from a false arrest that is a direct result of the misuse, with negligible or no pecuniary harm. Department personnel should consider the nature and extent of emotional harm when evaluating whether an individual should be classified as a victim for purposes of victims' rights and services.

    In a large data breach case, the suspect or suspects may obtain PII for thousands or even millions of individuals. If there is no indication from the facts known at the time and any reasonable additional investigation that the information has been misused, then the direct harm may only be to the entity that legitimately held the PII. That entity may have suffered pecuniary harm as a result of having to respond to the data breach, and, if so, would fall within the definition of victim for the purposes of obtaining victim services and exercising victim rights (unless it is a governmental entity and therefore outside the definition of victim (*see* Article III.G.)). In such situations, state laws or civil court orders may obligate the entity to inform the individuals whose information was compromised so that they may take any action they deem appropriate to protect their credit.

Department personnel should encourage entities to notify individuals, with or without legal mandates, or, if resources permit, take steps themselves to notify such individuals that their information was compromised to allow the individuals to take appropriate measures to protect their credit.

### E. Other Persons Affected by a Crime

In some cases there may be persons who do not fall under any statutory definition of crime victim but who nevertheless are affected by the criminal justice process concerning a defendant. Department personnel may provide such persons with appropriate assistance within available resources. To the extent permitted by law, and consistent with the interests of the United States in a particular case, persons who do not fit the CVRA definition of crime victim may be accommodated in their desire to participate in court proceedings or obtain information about the prosecution.

#### COMMENTARY

Examples of such persons include, but are not limited to, the following:

In a prosecution of a felon in possession of a firearm, a person known to Department personnel to have a credible reason to fear the defendant's gun possession, such as a known domestic violence victim who had been threatened with harm by the defendant, may be provided with assistance in connection with the possessory crime prosecution.

In a prosecution for immigration fraud based on misrepresentations about participation in the torture of others, witnesses testifying that the defendant had perpetrated torture upon them may be provided with assistance in connection with the immigration fraud prosecution.

### F. Culpability

A person who is culpable for or accused of the crime being investigated or prosecuted should not be considered a victim for purposes of the rights and services described in the AG Guidelines. The determination of whether a person is culpable should be based on the facts and circumstances known at the time of investigation, prosecution, or post-conviction, and should be reevaluated as additional facts and circumstances become known. A person who may be culpable for violations or crimes other than the crime being investigated or prosecuted may be considered a victim under this policy in some circumstances.

Inmates who are victims of crime during their incarceration for other offenses may be considered victims. An inmate's detention, however, may prevent the inmate from exercising the rights and receiving the services normally afforded to victims. For example, Department personnel are not required by the AG Guidelines to transport inmates to court to attend hearings relating to crimes against those inmates.