SENTENCING RECOMMENDATION
UNITED STATES V. HERNÁN GIRALDO-SERNA
DOCKET NO.: 0090 1:04CR00114-001 (SEALED)

**TOTAL OFFENSE LEVEL** 41
**CRIMINAL HISTORY CATEGORY** I

|  | **Statutory Provisions** | **Guideline Provisions** | **Recommended Sentence** |
|---|---|---|---|
| **CUSTODY:** | Ct. 1: 10 years - life | 324 months - 405 months | 240 months [Smith departure and variance, 18 USC 3553(a)] |
| **SUPERVISED RELEASE:** | At least 5 years | 5 years | 60 months |
| **PROBATION:** | Ineligible | Ineligible | Not Recommended |
| **FINE:** | $4,000,000 | $25,000 - $4,000,000 | Not Recommended |
| **RESTITUTION:** | Not Applicable | Not Applicable | Not Applicable |
| **SPECIAL ASSESSMENT:** | $100 | $100 | $100 |

**Justification:**

Based upon the duration of the offense, the quantity of drugs involved, and the defendant's role in the conspiracy, a lengthy sentence is justified; however, the instant offense represents Mr. Giraldo-Serna's first criminal conviction. In light of the defendant's impoverished upbringing, lack of criminal history, and Smith departure, a sentence of 240 months imprisonment is sufficient, but not greater than necessary to reflect the seriousness of the offense and to promote respect for the law, as well as to protect the public from further crimes of the defendant.

With respect to specific deterrence, the defendant will serve a significant amount of time in a facility thousands of miles away from his native country, and due to the distance, the opportunity for frequent visits from family members will be very limited. With respect to community deterrence, the public should be made aware that those who participate in drug distribution will be prosecuted and will be held accountable for their actions. With regard to punishment, a custodial sentence will restrict the defendant's liberty. As noted in the presentence report, rehabilitation is not a specific concern for this defendant.

A 60 month term of supervised release is required by statute. Compliance with deportation proceedings is recommended as a special condition of supervised release.

Mr. Giraldo-Serna agreed to forfeit any property which was identified as related to the offense of conviction.

According to the plea memorandum, the defendant agreed to cooperate with the authorities in the investigation and prosecution of criminal conduct. As a result, government counsel agreed to consider any assistance provided by the defendant in recommending a departure to the Court at the time of sentencing. As of this date, the US Probation Office has not been apprized of the extent of the defendant's cooperation. The aforementioned recommendation is made without any consideration of the defendant's cooperation.

As the Court is aware, this case is currently under seal. If the parties agree there is no need for the case to remain sealed, the Probation office further recommends that the Court order the case be unsealed at the time the sentence is imposed. On the sentencing format page, the Probation Office included the language that may be used should the Court agree that unsealing the case at sentencing is appropriate.

**Voluntary Surrender:**

The defendant has been detained since the date of arrest and is ineligible for voluntary surrender. 18 USC § 3143(a)(2).

        Respectfully Submitted,

        **GENNINE A. HAGAR**
        **CHIEF UNITED STATES PROBATION OFFICER**

By:   Sherry Brandon
      United States Probation Officer

Approved:

2015.04.28
14:28:40 -04'00'

Deborah A. Stevens-Panzer
Supervising United States Probation Officer

**SENTENCING FORMAT**

Should the Court concur with our recommendation, the Federal Judicial Center suggests the following language be used for imposition of sentence.

---

It is the judgment of the Court that you, Hernán Giraldo-Serna, are hereby committed to the custody of the Bureau of Prisons for a term of 240 months on Count 1. You are further sentenced to serve 60 months of supervised release and to pay a $100 special assessment.

THE COURT FINDS that you do not have the ability to pay a fine and, therefore, waives imposition of a fine in this case.

The special assessment is immediately payable to the Clerk of the Court for the U.S. District Court, District of Columbia. Within 30 days of any change of address, you shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full.

Within 72 hours of release from custody, you shall report in person to the probation office in the district to which you are released. While on supervision, you shall submit to collection of DNA, you shall not possess a firearm or other dangerous weapon, you shall not use or possess an illegal controlled substance, and you shall not commit another federal, state, or local crime. You shall also abide by the general conditions of supervision adopted by the U.S. Probation Office, as well as the following special conditions:

<u>Deportation Compliance</u> - You shall comply with the Bureau of Immigration and Customs Enforcement's immigration process. If deported, you shall not re-enter the United States without legal authorization during the period of supervision. Should you receive permission to return to the United States, you shall report to the US Probation Office in the area where you intend to reside within 72 hours of your return.

The Probation Office shall release the presentence investigation report and/or Judgment and Commitment Order to the Bureau of Immigration and Customs Enforcement (ICE) to facilitate any deportation proceedings.

The probation office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court.

The Court orders the sealing order previously entered in this case vacated, and the case is unsealed effective today.

Pursuant to Rule 32.2(a) of the Fed. Rules of Crim Proc., you, Hernán Giraldo-Serna, are ordered to forfeit to the United States your interest in any property in your possession or under your control that constitutes or is traceable to proceeds of your narcotic trafficking, and you agreed to enter into a consent order of forfeiture and to fully assist the Government in effectuating the surrender of the forfeited assets.

**NOTICE OF APPEAL** -  Pursuant to 18 USC § 3742, you have a right to appeal the sentence imposed by this Court if the period of imprisonment is longer than the statutory maximum or the sentence departs upward from the applicable Sentencing Guideline range.  If you choose to appeal, you must file any appeal within 14 days after the Court enters judgment.

As defined in 28 USC § 2255, you also have the right to challenge the conviction entered or sentence imposed if new and currently unavailable information becomes available to you or, on a claim that you received ineffective assistance of counsel in entering a plea of guilty to the offense(s) of conviction or in connection with sentencing.

If you are unable to afford the cost of an appeal, you may request permission from the Court to file an appeal without cost to you.