UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 2 3 2009

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES OF AMERICA, :
:
  Plaintiff :
v. : CRIMINAL NO. 04-114-1 (RBW)
:
: FILED UNDER SEAL
HERNAN GIRALDO-SERNA :
:
  Defendant :

## GOVERNMENT'S UNOPPOSED MOTION TO SEAL

The United States of America, by and through Matthew Stiglitz, Trial Attorney, United States Department of Justice, Criminal Division, Narcotic and Dangerous Drug Section, respectfully submits this motion to seal the plea agreement, statement of facts, as well as all other pleadings, proceedings, records and files associated with the entry of a guilty plea as to this defendant, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to a Count One of the Superseding Indictment, charging him with conspiracy to manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959, 960 and 963.

Sealing the plea agreement and related pleadings in this case is necessary because they contain sensitive information, the disclosure of which would not be in the interest of the defendant,

1

the government, or the public. In particular, the defendant has agreed to cooperate with the government. Accordingly, it is essential that any information concerning this decision to plead guilty and cooperate be kept sealed for the time being.

Based on the nature of the ongoing criminal prosecution and other investigations, the government submits that public disclosure of the defendant's cooperation would likely compromise them by (1) placing the personal safety of the cooperating defendant, undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting potential targets of the investigation or prosecution, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury or at trial; and (4) causing potential witnesses and targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators, particularly those operating in Colombia.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to criminal organizations that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the pleadings, records, proceedings, and files in this case relating to this defendant's plea agreement, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of the defendant abates; and (2) the government represents that it can continue its criminal investigation and prosecution without substantial risk that they would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

On January 23, 2009, counsel spoke with Elita Amato, Esq., counsel for the defendant, who stated that he did not oppose this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

PAUL M. O'BRIEN, Chief
Narcotic and Dangerous Drug Section
U.S. Department of Justice

Matthew Stiglitz, Trial Attorney
Narcotic and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20530
(202) 305-3646
matthew.stiglitz@usdoj.gov

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was mailed to Elita Amato, Esq., counsel for the defendant, by first class mail, postage pre-paid, at 2009 N. Fourteenth Street, Suite 708 Arlington, VA 22201, on this 23rd day of January, 2009.

_____
Matthew Stiglitz