UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 2 9 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| v. : | Criminal No. 04-114-1 (RBW) |
| HERNÁN GIRALDO-SERNA, : | |
|    a/k/a "El Viejo" : | |
|    a/k/a "El Patron" : | |
|    a/k/a "Don Hernán," : | |
| Defendant : | |

PLEA AGREEMENT

1. The defendant, Hernán Giraldo-Serna, a/k/a "El Viejo" a/k/a "El Patron" a/k/a "Don Hernán," knowingly and voluntarily agrees with the United States, through the Narcotic and Dangerous Drug Section of the Criminal Division of the United States Department of Justice (NDDS), to plead guilty to Count One of the Superseding Indictment filed in the above referenced case. Count One of the Superseding Indictment charges the defendant with conspiracy to manufacture and distribute five kilograms or more of cocaine, a Schedule II controlled substance, intending and knowing that the cocaine will be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 963, 959, 960 and 18 U.S.C. § 2.

2. The defendant understands that the crime in Count One of the Indictment to which he is pleading guilty carries a term of imprisonment of not less than ten years nor more than life,[1] a fine not to exceed $4,000,000 and a period of supervised release of at least five years.

---

[1] Although the applicable statutes and the United States Sentencing Guideline range include a period of incarceration up to life, the government is prohibited from seeking a life sentence. Prior to the extradition of the defendant to the United States from Colombia, the United States government made assurances to the Colombian government that the United States would not seek the death penalty or life imprisonment if the defendant were convicted. This assurance is made for all defendants extradited from Colombia to the United States.



3.  The defendant understands that the Court cannot place him on probation or suspend his sentence and that he is not eligible for parole.

4.  The defendant agrees to pay the Clerk of the United States District Court a special assessment of one hundred dollars per count of conviction.

5.  The defendant agrees to the Statement of Facts signed by him which is attached to this Plea Agreement and incorporated herein.

6.  The defendant acknowledges his responsibility for the conduct charged in Count One of the Superseding Indictment and stipulates that the conduct charged in this count may be considered by the Probation Office and the Court in imposing sentence.

7.  The defendant agrees that, pursuant to Section 2D1.1 of the United States Sentencing Guidelines (Sentencing Guidelines), for Count One of the Superseding Indictment, he is accountable for more than 150 kilograms of cocaine, a Schedule II controlled substance. Accordingly, pursuant to Section 2D1.1(c)(1) of the Sentencing Guidelines, the base offense level for the crime to which the defendant is pleading guilty is 38.

8.  The United States will recommend, and the defendant agrees, that he be given a four level increase for being an organizer or leader in the criminal activity pursuant to Section 3B1.1(a) of the Sentencing Guidelines. The defendant also agrees that pursuant to Section 2D1.1, Application Note 16, he shall receive a one level increase which is appropriate as the drug quantity is extraordinary (well above ten times the minimum required for a level 38). Finally, the defendant agrees that pursuant to Section 2D1.1(b)(1), he should receive a two level increase for possessing a firearm. The defendant understands that these recommendations are not binding on the Court.

9. The defendant understands that the Court is not bound by the Sentencing Guidelines but must consult the Sentencing Guidelines and take them into account when sentencing him. *United States v. Booker*, 543 U.S. 220 (2005). The defendant understands that the sentence to be imposed is a matter solely within the discretion of the Court and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which defendant is pleading guilty. The defendant also understands that the Court has not yet determined his sentence and that any estimate of the probable sentencing range the defendant may have received is only a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The defendant understands that the Court is not obligated to follow any recommendation at the time he is sentenced.

10. The United States makes no promise or representation concerning what sentence the defendant will receive.

11. The defendant agrees that he cannot withdraw his guilty plea based on the actual sentence received.

12. In calculating the Sentencing Guideline range, the defendant agrees not to seek any adjustment to his offense level pursuant to Chapter Three of the Sentencing Guidelines other than to seek an adjustment for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

13. Prior to sentencing, in consideration for the defendant's plea of guilty and contingent upon his complete and truthful testimony and truthful rendition of facts to the Probation Office for the preparation of his Pre-sentence Investigation Report, the United States will recommend that the defendant be given a three-level credit for acceptance of responsibility under Section 3E1.1 of the

Sentencing Guidelines. The defendant understands that these guideline recommendations are not binding on the Court.

14. The defendant agrees to cooperate with the United States on the following terms and conditions:

(A) The defendant shall cooperate truthfully, completely and forthrightly with the United States Department of Justice and with federal, state, local and all foreign law enforcement authorities and government entities in any matter as to which the United States Department of Justice deems the defendant's cooperation relevant including his own unlawful activities and the unlawful activities of others. The defendant understands that if he falsely implicates an innocent person in the commission of a crime, or exaggerates the involvement of any person in the commission of a crime in order to appear cooperative, or if the defendant falsely minimizes the involvement of any person in the commission of a crime in order to protect that person, then the defendant will be in violation of this plea agreement.

(B) The United States recognizes that the defendant has been voluntarily participating in Justice and Peace Act[2] proceedings with the Colombian government since 2006. Pursuant to 18 U.S.C. § 3553(a), the United States agrees to bring to the Court's attention at the time of sentencing the nature and scope of the defendant's past and continued cooperation with the Colombian government in this process as well as all other information that the defendant provides to assist the Colombian government. Further, the parties agree that only information that proves useful to investigations and prosecutions on behalf of the United States government will be considered by the United States Department of Justice in determining whether the defendant has provided "substantial

---

[2] Law 975-05 Justicia y Paz.

assistance" as more fully described in paragraph 15, *infra*.

(C) The defendant shall promptly identify and facilitate delivery to the United States and the Colombian government all evidence of crime, all contraband and proceeds of crime and all assets traceable to such proceeds of crime.

(D) The defendant shall promptly submit to the United States a full and complete accounting of all of his assets, financial and otherwise, whether such assets are in his name or in the name of a third party. The United States recognizes that some assets that belong to the defendant may have been forfeited to the Colombian government as reparations under the Justice and Peace Act. The United States agrees to bring to the Court's attention at the time of sentencing the total assets the defendant provided to the Colombian government in reparations.

(E) The defendant shall be interviewed by United States and foreign law enforcement agents, United States and foreign officials and/or attorneys representing the United States. He has the right to have his counsel present during these interviews. The defendant agrees, nonetheless, that any interviews/debriefings may be conducted without his counsel present as long as counsel is notified and provided the opportunity to attend.

(F) The defendant shall testify fully and truthfully before any Grand Jury, at all trials or other court proceedings in the United States, and foreign proceedings at which his testimony is deemed relevant by the United States Department of Justice.

(G) The defendant's cooperation with the United States is a continuing obligation which will end after the Drug Enforcement Administration and/or NDDS determines his cooperation is completed. The defendant understands and agrees that his cooperation may, therefore, continue after he is sentenced. Cooperation after sentencing may be recognized by the United States filing

a motion pursuant to Federal Rules of Criminal Procedure 35(b).

(H) The defendant acknowledges that any refusal by him to cooperate fully, truthfully, completely and forthrightly as directed by NDDS and law enforcement authorities identified by NDDS in any and all matters in which the United States deems his assistance relevant will constitute a breach of this agreement by the defendant, and will relieve the United States of its obligations under this agreement. The defendant agrees, however, that such breach by him will not constitute a basis for withdrawal of his plea of guilty or otherwise relieve him of his obligations under this agreement.

15. The defendant understands that the determination of "substantial assistance" pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e) is within the sole discretion of the United States Department of Justice and will be based solely on information and other assistance provided by the defendant that concerns potential defendants and offenses that may be prosecuted in the United States.[3] This determination is not reviewable by the Court. The defendant understands that if the government does not file a motion for downward departure, the Court may not grant a downward departure, either under Section 5K1.1 of the Sentencing Guidelines or under 18 U.S.C. § 3553(e). In any event, the defendant specifically agrees not to seek a downward departure, without the government's motion, based on any assistance provided in the investigation(s) or prosecution(s) of another person(s) by the United States government who has committed a federal,

---

[3] The parties understand that this provision ensures that the defendant will not receive additional sentencing consideration, or derive a "double benefit," for information that the defendant provides pursuant to this agreement. For example, the same information provided by the defendant to the Colombian government pursuant to his obligations under the Justice and Peace Act will not also be considered as information provided to the United States pursuant to this agreement. If, however, information provided by the defendant benefits both the United States and Colombian authorities, the defendant will be provided credit under this agreement.

state, foreign or local offense. The defendant agrees and acknowledges that the failure of NDDS to file a substantial assistance departure motion shall not be grounds for him to withdraw his plea of guilty in this case or otherwise relieve him of his obligations under this agreement. If, in its sole discretion, the United States agrees to file a motion for departure with the Court, the United States shall inform the Court of any and all cooperation provided by the defendant at the time of his sentencing. Specifically, the United States agrees to inform the Court of its evaluation of the truthfulness, completeness, reliability, and value of the defendant's information, the significance, usefulness, nature, extent and timeliness of his assistance, and any injury suffered or any danger or risk of injury to his or his family resulting from his assistance/cooperation.

16. In the event that the defendant and/or his family are threatened, the matter will be referred to the Drug Enforcement Administration or other appropriate investigative authority to conduct a threat assessment. Once the threat assessment has been conducted, the investigatory agency will act appropriately. It is in the sole discretion of the Department of Justice and the investigatory agency to determine what course of action is appropriate.

17. The defendant agrees not to commit any criminal violation of local, state, federal or foreign law during the period of his cooperation with the United States pursuant to this Plea Agreement or at any time during his cooperation. The defendant's commission of a criminal offense during such period of time will constitute a breach of this Plea Agreement and will relieve the government of its obligations under this Agreement. The defendant's breach will not entitle him to withdraw his guilty plea. The defendant agrees that to establish a breach the United States need only prove his commission of a criminal offense by a preponderance of the evidence.

18. The United States and the defendant agree, in accordance with Section 1B1.8 of the

Sentencing Guidelines, that the United States will be free to use against the defendant at the sentencing, or any proceeding, any self-incriminating information provided by him pursuant to this agreement or during the course of debriefings conducted in anticipation of this Agreement, regardless of whether those debriefings were covered by any Proffer Agreement and/or "off the record" agreement by the parties.

19. In the event that the defendant is ever a witness at any trial or other judicial proceeding or presents evidence through other witnesses and his testimony or such evidence presented through others is different from, contradicts or in any manner is inconsistent with statements made or information supplied by him pursuant to this Plea Agreement, the attorney for the United States may cross-examine him or the other witnesses concerning any statements made or information supplied by the defendant pursuant to this Plea Agreement. Evidence regarding such statements or information may also be introduced by the United States as rebuttal evidence.

20. Nothing in this Plea Agreement shall be construed to prohibit the United States from using any statements, information, documents, or physical evidence obtained from the defendant pursuant to this Plea Agreement to prosecute him for perjury, false statement, and/or obstruction of justice or any other offense committed by him during or after his cooperation with the United States.

21. If, at any time during the defendant's cooperation with the United States under this Plea Agreement, the United States determines he has provided any information or evidence that is not truthful or complete, or if he does not provide assistance or testimony upon request, the obligations of the United States under this Plea Agreement are terminated. In that event, the United States may prosecute the defendant for his criminal activity and the United States may, notwithstanding any other provision in this Plea Agreement, use against the defendant all

information and evidence obtained from him pursuant to this Plea Agreement or during the course of debriefings conducted prior to this Plea Agreement regardless of whether such debriefings were covered by a proffer agreement between the parties.

22. If the defendant fails in any way to fulfill completely all of his obligations under this Plea Agreement, the obligations of the United States under this Plea Agreement are terminated. The defendant agrees that he cannot withdraw his guilty plea because of his breach of this Plea Agreement.

23. The defendant agrees that he cannot withdraw his guilty plea entered pursuant to this Plea Agreement for any reason. Any motion to withdraw the defendant's guilty plea shall constitute a breach of this Plea Agreement and will relieve the United States of all of its obligations under it.

24. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines and reserves its right of allocution in this case. The United States reserves the right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law, with the exception of life imprisonment as discussed previously. In accordance with this agreement, the United States reserves its right to bring its version of the facts of this case, including its file and any investigative reports, to the attention of the Probation Office in connection with the preparation of a Pre-sentence Investigation Report and to the Court. The United States also reserves the right to dispute sentencing factors or facts material to sentencing and to use any information or material, whether or not obtained from the defendant pursuant to this Plea Agreement, to correct any factual errors asserted by the Probation Office or by the defendant.

25. The defendant understands that his compliance with each part of this Agreement

extends throughout and beyond the period of his sentence up until the time that NDDS and/or the Drug Enforcement Administration determines his cooperation is complete, and failure to abide by any term of the Agreement is a violation of the Agreement. The defendant further understands that in the event that he violates this Agreement, the United States, at its option, may either move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant, or to re-sentence the defendant. The defendant understands and agrees that in the event that this Plea Agreement is breached by the defendant, and the government elects to void the Agreement and prosecute the defendant, any additional charges that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against him in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

26. The defendant understands that the Court is not a party to, and is not bound by, this Plea Agreement.

27. This Plea Agreement binds only the Narcotic and Dangerous Drug Section of the Criminal Division of the United States Department of Justice. It does not bind any other federal, state, local or foreign authorities.

28. The defendant agrees that sentencing in this case should be delayed, if requested by the United States, until his cooperation has been completed or at an appropriate time during the cooperation, as determined by the United States, so that the Court will have the benefit of all relevant information before a sentence is imposed.

29. The defendant agrees to be held without bond until sentencing and agrees not to oppose detention.

30. The defendant agrees that any information he provides to the United States pursuant to this Plea Agreement shall not contain privileged material that he may have learned during meetings with co-defendants and their attorneys.

31. The defendant agrees to voluntarily forfeit to the United States and/or the Government of Colombia all property subject to forfeiture under 21 U.S.C. § 853. Specifically, the defendant agrees to forfeit to the United States or to the Government of Colombia his interest in any property in his possession or under his control that constitutes or is traceable to proceeds of his narcotics trafficking. The defendant agrees to enter into a consent order of forfeiture and to fully assist the United States and Colombian governments in effectuating the surrender of the forfeited assets, and to take whatever steps are necessary to ensure that clear title thereto passes either to the United States or the Government of Colombia. The defendant agrees not to file a claim or assist others to file a claim to any of the forfeited assets in any administrative or judicial proceeding. If any third party, other than a *bona fide* innocent third party, files a claim to a litigation in the United States or Colombia regarding the properties which the defendant identified are forfeitable, the defendant will assist the governments in defending the forfeiture action. Assets located in Colombia that are forfeited pursuant to this agreement may be used as reparations to Colombian victims of the AUC violence and crimes, pursuant to the defendant's obligations under the Justice and Peace Act. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of such assets, and waives all constitutional, legal and equitable defenses to the forfeiture of such assets.

32. The defendant represents to the Court that no threats have been made against him and

that he is pleading guilty freely and voluntarily because he is in fact guilty, and he represents to the Court that he is fully satisfied with the legal advice, guidance and representation he has received from his attorney.

33.     The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, including any challenges to the constitutionality of the Sentencing Guidelines, unless the sentence exceeds the maximum permitted by statute or results from an upward departure from the Guideline Range established by the Court at sentencing. The defendant further agrees that the Court shall find at sentencing, by a preponderance of the evidence, any facts that determine his Guidelines Range. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. §3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), he shall be released from the above waiver of appellate rights. By signing this agreement, counsel for the defendant acknowledges that she has discussed the appeal waiver with the defendant and that counsel, along with the prosecutor, will request that the Court enter a specific finding regarding the defendant's knowing and voluntary waiver of his right to appeal the sentence imposed, as set forth in this agreement.

34.     This Plea Agreement represents the entirety of the terms and conditions of the agreement between the defendant and the United States. No agreements, understandings, promises, representations or conditions exist other than those contained in this Plea Agreement. No other

agreements, understandings, promises, representations or conditions or changes to this Plea Agreement may be made or entered into unless in writing and signed by the parties.

35. This Plea Agreement supersedes all prior understandings, promises, agreements or conditions, if any, between the NDDS of the Criminal Division of the United States Department of Justice and the defendant.

Paul M. O'Brien, Chief
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice

By: Matthew Stiglitz
Trial Attorney
Narcotic and Dangerous Drug Section
U.S. Department of Justice

Date 1/29/09

## Acknowledgement

    I have consulted with my counsel and fully understand my rights with respect to the indictment pending against me and the Sentencing Guideline provisions which apply in my case. I have read a Spanish translation of this Plea Agreement with the aid of my attorney, and have carefully reviewed every part of it with him. I fully understand this Plea Agreement, and I voluntarily agree to it without reservation. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

    I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters related to it.


_Hernán Giraldo Serna_             _1/29/09_
Hernán Giraldo-Serna             Date
Defendant


    I am the defendant's attorney. I have fully explained to him his rights with respect to the pending indictment and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Plea Agreement with the Defendant. The defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of all consequences of his plea of guilty.

    I represent to the Government and the Court that I have no conflict of interest that would impede my legal judgement in this matter. I specifically declare that I do not represent any co-defendants in this case nor any witnesses against my client who would be adverse and/or in conflict with my representation in this matter.


_Elita Amato_             _1-29-09_
Elita Amato, Esquire             Date
Attorney for Defendant