IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>GIRALDO-SERNA,<br><br>    Defendant,<br><br>Zulma Natazha Chacín de Henríquez, Nadiezhda Natazha Henríquez Chacín, and Bela Henríquez Chacín,<br><br>    Victims. | CASE NO.: 1:04-cr-00114-1 RBW<br><br>**ORAL ARGUMENT REQUESTED** |

**VICTIMS' MOTION FOR AN ORDER DIRECTING THE U.S. DEPARTMENT OF JUSTICE TO SEEK TRAVEL AUTHORIZATION SUFFICIENT TO ALLOW VICTIM, BELA HENRIQUEZ CHACIN, TO ATTEND DEFENDANT'S SENTENCING**

## I. INTRODUCTION

This Court recognized that Bela Henríquez Chacín has rights under the Crime Victims' Rights Act ("CVRA"), 18 USC § 3771. *See* March 14, 2016 Order, Dkt. 541. Those rights include "[t]he right not to be excluded from any . . . public court proceeding," and "[t]he right to be reasonably heard at any public proceeding . . . involving. . . sentencing . . . ." 18 U.S.C. § 3771(a)(3) & (4). Ms. Henríquez Chacín is being deprived of those rights because the U.S. Department of Justice ("DOJ") refuses to take minimal steps to secure her presence at the hearing. Based on flawed reasoning, DOJ unilaterally decided not to request from the U.S. Department of Homeland Security ("DHS") the travel authorization needed to allow Ms. Henríquez Chacín to temporarily enter the United States to attend and participate in the sentencing of the Defendant. Although DOJ personnel are directed to act "in favor of providing, rather than withholding, assistance and services to victims of crime," *see* Attorney General Guidelines for Victim and Witness Assistance, 2011 Edition (Rev. May 2012) at Article II (A), DOJ here acted to exclude Ms. Henríquez Chacín from the country. DOJ's

refusal violates its obligation to make its "best efforts to see that crime victims are . . . accorded . . . the rights described in subsection (a)" of the CVRA. 18 U.S.C. § 3771(c)(1).

This Court is obligated to "ensure that the crime victim is afforded the rights described in subsection (a)" of the CVRA, 18 U.S.C. § 3771(b)(1), and, thus, the Court should order DOJ to make its "best efforts" to seek the appropriate travel authorization from DHS so that Ms. Henríquez Chacín is not excluded from the United States for the Defendant's sentencing, and, thereby, deprived of her unambiguous right to attend and to be heard at sentencing.

Victims request that the Court consider this motion on September 13, 2016 at 10:00 am, the time currently set for sentencing, because California counsel for Victims intend to be in Washington D.C. on that date. Defendant has, by motion filed September 8, sought to continue the sentencing. Victims do not oppose that continuance. Victims note that the issue of obtaining U.S. authorization for Ms. Henríquez Chacín to enter the country to attend the sentencing may not be resolved by September 23, the date for which Defendant has requested sentencing be re-set.

## II.   BACKGROUND

Ms. Henríquez Chacín is the youngest daughter of Julio Eustacio Henríquez Santamaría who was murdered at the direction of the Defendant in 2001. Immediately upon being granted her entitlement to rights under the CVRA earlier this year, Ms. Henríquez Chacín, through counsel, sought the assistance of DOJ in obtaining the authorization needed to allow her to enter the United States to attend the sentencing. She explained that she

> currently resides in Colombia. She entered the United States on a U.S. tourist visa on August 22, 2015 and was given permission to stay for 6 months. A day before her visa expired she attempted to leave and then re-enter on February 24, 2016 from Cancun, Mexico. U.S. immigration authorities cancelled her multi-entry tourist visa for the United States . . . .

Declaration of Melissa B. Mannino in Support of Victims' Motion ("Mannino Decl.") Ex. A. Immigration authorities apparently cancelled her tourist visa over concerns that she planned to immigrate to the United States when she truthfully disclosed that her husband and child were in the United States. Mannino Decl. Ex. B.

DOJ purportedly undertook to obtain authorization for Ms. Henríquez Chacín to enter the United States to attend the sentencing but, in fact, did not take the minimal and necessary action of seeking the appropriate travel authorization from DHS. DOJ reported in June that although the Embassy would not issue a visa, DOJ would explore other options. On August 30, 2016, DOJ notified counsel by telephone that the other options had not worked out. On Friday, September 2, 2016, DOJ revealed in an email to Victims' counsel that DOJ had unilaterally decided not to seek visas or an immigration parole that would potentially allow her attendance at the sentencing. When asked on September 5, 2016 to reverse that decision, DOJ refused without further explanation. Mannino Decl. Ex. C. As explained below, DOJ should now be ordered to comply with the CVRA and make "best efforts" to prevent Ms. Henríquez Chacín from being excluded from the sentencing.

### III.   ARGUMENT

#### A.   The Court Is Obligated to Order DOJ to Make "Best Efforts" to Accord Ms. Henríquez Chacín the Right to Attend and Speak at the Sentencing

DOJ is obligated to ensure that Ms. Henríquez Chacín is not excluded from Defendant Giraldo-Serna's sentencing. The CVRA imposes on DOJ the obligation to vindicate Ms. Henríquez Chacín's rights under the CVRA, including her right to not be excluded from Defendant Giraldo-Serna's sentencing. The CVRA states, in relevant part:

> Officers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection (a).

18 U.S.C. § 3771(c)(1). The Attorney General's Guidelines for Victim and Witness Assistance reinforce that statutory requirement by establishing a "strong presumption" in favor of "providing, rather than withholding" assistance and services to victim of crime. *See* Attorney General Guidelines for Victim and Witness Assistance at Article II (A).

As stated above, the rights described in subsection (a) of the CVRA include "[t]he right not to be excluded from any . . . public court proceeding" involving the crime, 18 U.S.C. §

3771(a)(3), and "[t]he right to be reasonably heard at any public proceeding . . . involving. . . sentencing . . . ." 18 U.S.C. § 3771(a)(4); *see also Kenna v. U.S. Dist. Court for C.D. Cal.*, 435 F.3d 1011, 1016 (9th Cir. 2006) (affirming the right of victims to speak at sentencing under the CVRA). DOJ's decision not to seek a visa or immigration parole determination deprives Ms. Henríquez Chacín, a recognized victim under the CVRA, of those rights and violates DOJ's obligation to use best efforts to accord those rights. 18 U.S.C. § 3771(c)(1).

Courts routinely enforce the government's obligation to make efforts, including seeking appropriate travel authorizations, to vindicate rights requiring aliens to be present at criminal proceedings. *See, e.g.*, *Ohio v. Roberts*, 448 U.S. 56, 74, (1980) (the government has the duty to make efforts that are reasonable and in good faith to secure the presence of deported witnesses); *United States v. Allie*, 978 F.2d 1401, 1407 (5th Cir. 1992) (identifying "reasonable" measures); *United States v. Theresius Filippi*, 918 F.2d 244, 246 (1st Cir. 1990) (reciting District Court order that "the United States Attorney . . . 'request a Special Public Interest Parole for [a witness material to the defense] and ... assist in bringing this material witness to this country to testify at trial.'") (citations omitted). The CVRA expressly authorizes the Court to enforce Ms. Henríquez Chacín's CVRA rights, and the Court must do so now because the DOJ has unilaterally refused to make its best efforts to seek travel authorization necessary to prevent Ms. Henríquez Chacín from being excluded from the Defendant's sentencing. 18 U.S.C. § 3771(b)(1).

      **B.    DOJ Refused to Make Best Efforts to Accord Ms. Henríquez Chacín her CVRA Rights by Unilaterally Refusing to Even Seek Authorization for Her to Enter the United States to Attend the Defendant's Sentencing**

The most obviously applicable basis for allowing Ms. Henríquez Chacín into this country for the sentencing is the parole authorized by 8 U.S.C. § 1182(d)(5)(A) [Immigration and Naturalization Act § 212(d)(5)(A)] (allowing "parole into the United States temporarily under such conditions as . . . may [be] prescribe[d] only ***on a case-by-case basis for urgent humanitarian reasons or significant public benefit*** any alien applying for admission to the United States . . . .") (emphasis added). That provision has been used routinely to allow the

presence of aliens in order to participate in legal proceedings, including as witnesses, informants, and defendants. DOJ has also used the parole provision on behalf of victims.

DOJ's website explains that in a prosecution of the son of the former president of Liberia for torture, DOJ's victim assistance included "working with U.S. Immigration and Customs Enforcement to process Significant Public Benefit Parole applications for each victim." *See* Mannino Decl. Ex. D. DOJ's unwillingness to do so here is inexplicable and contrary to its CVRA obligations.

In unilaterally deciding not to seek such a parole, DOJ appeared to be under the mistaken impression that a parole under 8 U.S.C. § 1182(d)(5)(A) is limited to witnesses (and their families), and further limited to witnesses who would provide unique information. Mannino Decl. Ex. C. In truth, the parole is available to *participants* in judicial proceedings and is not limited only to witnesses. DHS recognized that it should receive and adjudicate parole requests for "**aliens** who **will participate** in administrative, ***judicial***, or legislative ***proceedings***, and/or investigations, whether at the federal, state, local, or tribal level of government." *See* Addendum 2 of the Memorandum of Agreement between USCIS, ICE, and CBP for the purpose of coordinating the concurrent exercise by USCIS, ICE, and CBP of the Secretary's Parole Authority Under INA § 212(d)(5)(A) with respect to certain aliens located outside of the United States (Guidance for U.S. Government entities requesting that DHS parole an alien into the US under INA §212(d)(5)(A)), (Aug. 27, 2008), *available at* https://www.ice.gov/doclib/foia/reports/parole-authority-moa-9-08.pdf (emphasis added). The statute is also clear that its applicability must be made on a "case-by-case basis" and includes no language limiting its use exclusively to witnesses. 8 U.S.C. § 1182(d)(5)(A). The Government even concedes it has also been used for informants in addition to witnesses and, in fact, it has been used beyond that. *See* Mannino Decl. Ex. D.

DHS recognizes that there is flexibility in the application of the parole provisions. The Memorandum of Agreement among the various DHS bureaus states: "The bureaus have attempted to draft the above categories in a manner that captures and assigns as many parole

scenarios as could be foreseen.  Nonetheless, if a parole request does not readily fall within an above category, the bureaus will weigh the totality of the circumstances, including but not limited to the motive(s) for the parole application and its nexus to one of the above categories, to determine which bureau should adjudicate the parole request." Memorandum of Agreement between USCIS, ICE, and CBP for the purpose of coordinating the concurrent exercise by USCIS, ICE, and CBP of the Secretary's Parole Authority Under INA § 212(d)(5)(A) with respect to certain aliens located outside of the United States (September 2008), *available at* https://www.ice.gov/doclib/foia/reports/parole-authority-moa-9-08.pdf.  DOJ based its unwillingness to even seek parole on a mistaken perception that parole is limited to a narrow set of circumstances; plainly it is not.

The Government's baseless belief that a parole would not be appropriate here because Ms. Henríquez Chacín would purportedly not provide the Court with unique information is both untrue and immaterial.  She would provide her unique perspective on the impact of the kidnapping and killing of her father that was done at the direction of the Defendant.  Further, and more significantly, Ms. Henríquez Chacín cannot be deprived of her right to be heard at sentencing because DOJ supposes (again without basis) that the information to be provided might be available to the Court from other sources.  *See Kenna*, 435 F.3d at 1016 (victim's right to orally address court at sentencing was not satisfied by addressing court at co-defendant's prior sentencing).  DOJ is obligated to make its best efforts to accord Ms. Henríquez Chacín her CVRA rights.  18 U.S.C. § 3771(c)(1).  DOJ will not have done so unless and until it has at least sought from DHS a parole under 8 U.S.C. § 1182(d)(5)(A), or such other travel authorization as it believes is most likely to allow the exercise of Ms. Henríquez Chacín's undisputed CVRA rights.

**IV.    CONCLUSION**

For the foregoing reasons, and based on the entire record in this case, the DOJ should be ordered to forthwith make best efforts to obtain an authorization from DHS for Ms. Henríquez

Chacín to enter the United States for the purpose of exercising her rights under 18 U.S.C. § 3771(a) at the sentencing in this matter.

Dated:  September 8, 2016               WILSON SONSINI GOODRICH & ROSATI
                                        Professional Corporation


                                        By:   /s/ Melissa Mannino
                                        MELISSA MANNINO
                                        D.C. Bar No. 446154
                                        WILSON SONSINI GOODRICH & ROSATI
                                        PROFESSIONAL CORPORATION
                                        1700 K Street, NW
                                        Fifth Floor
                                        Washington, DC 20006-3817
                                        Telephone:  (202) 973-8800
                                        Facsimile:   (202) 973-8899
                                        mmannino@wsgr.com

                                        *Counsel for Victims Zulma Natazha Chacín de Henríquez, Nadiezhda Natazha Henríquez Chacín, and Bela Henríquez Chacín*